**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**ROSSETTI BROTHERS, INC.,**
**Defendant-Appellant.**

**No. 193, Docket 81–1202.**

United States Court of Appeals,
Second Circuit.

Submitted Sept. 23, 1981.

Decided Feb. 3, 1982.

James M. Farrell, Burlington, Vt., for defendant-appellant.

Sheila M. Ware, Asst. U. S. Atty., Rutland, Vt. (Jerome F. O'Neill, U. S. Atty., Peter W. Hall, Asst. U. S. Atty., Rutland, Vt., on the brief), for plaintiff-appellee.

Before NEWMAN and KEARSE, Circuit Judges, and DALY,* District Judge.

PER CURIAM:

The question before us is whether 49 U.S.C. § 11914(b) (Supp. III 1979) prescribes the penalty for an employer who permits an employee's consecutive hours of driving a motor vehicle to exceed the maximum number permitted by regulations set out at 49 C.F.R. § 395.3(a) and (b) (1980). Appellant, a beverage distributor which operates as a private motor carrier within the meaning of the Interstate Commerce Act, as amended, 49 U.S.C. § 1, *et seq.*,[1] was convicted upon a plea of guilty to an information charging violations of the regulations cited above, and was sentenced pursuant to 49 U.S.C. § 11914(b) to pay a fine of $2,200.00. Having reserved its right to appeal, appellant now argues that § 11914(b)'s penalties correspond only to regulations under Subtitle IV of the Act, and that there is no penalty for violating § 395.3(a) or (b), regulations promulgated under Chapter 8 of the Act. We find that 49 U.S.C. § 11914(b) does apply to § 395.-3(a) and (b), and affirm the judgment below.

The parties agree that prior to 1978 the penalty for violating 49 C.F.R. § 395.3(a) and (b) was prescribed by 49 U.S.C. § 322(a) (1976). For violation of "any provision of [Chapter 8], or any . . . regulation . . . thereunder", a fine could be imposed,[2] and § 395.3(a) and (b), regulations promulgated under that chapter,[3] were clearly within § 322(a)'s scope. However, in its 1978 partial recodification of the Interstate Commerce Act, Congress repealed § 322(a), and enacted § 11914(b) as its replacement.[4] That section applies to violations of "a provision of [Subtitle IV] or a regulation or order prescribed under [Subtitle IV]." [5]

Appellant would have us construe § 11914(b) as narrowly as its language lit-

---

* The Honorable T. F. Gilroy Daly of the United States District Court for the District of Connecticut, sitting by designation.

1. Appellant does not contest that, under 49 U.S.C. § 10102(14) (Supp. III 1979), as amended by Pub.L.No.96-454, § 3(a)(2), 94 Stat. 2012, it is a "motor private carrier."

2. Before its repeal, 49 U.S.C. § 322(a) provided that "[a]ny person knowingly and willfully violating any provision of this chapter, or any rule, regulation, requirement, or order thereunder, or any term or condition of any certificate, permit, or license, for which a penalty is not otherwise herein provided, shall, upon conviction thereof, be fined not less than $100 nor more than $500 for the first offense and not less than $200 nor more than $500 for any subsequent offense. Each day of such violation shall constitute a separate offense."

3. 49 U.S.C. § 304(a) (1976), the section of Chapter 8 under which the regulations were promulgated, provides in pertinent part that "[i]t shall be the duty of the [Interstate Commerce] Commission . . . (3) to establish for private carriers of property by motor vehicle, if need therefor is found, reasonable require-

ments to promote safety of operation, and to that end prescribe qualifications and maximum hours of service of employees, and standards of equipment."

4. Pub.L.No.95-473, 92 Stat. 1337 (1978). *See* H.R.Rep.No.1395, 95th Cong., 2d Sess. 211, *reprinted in* [1978] U.S.Code Cong. & Ad.News 3009, 3220; 49 U.S.C. following § 11914 (Supp. III 1979).

5. 49 U.S.C. § 11914(b) provides that "[w]hen another criminal penalty is not provided under this chapter, a person that knowingly and willfully violates a provision of this subtitle or a regulation or order prescribed under this subtitle, or a condition of a certificate or permit issued under this subtitle related to transportation that is subject to the jurisdiction of the [Interstate Commerce] Commission under subchapter II of chapter 105 of this title, shall be fined at least $100 but not more than $500 for the first violation and at least $200 but not more than $500 for a subsequent violation. A separate violation occurs each day the violation continues."

erally reads. We agree with the general principle espoused by appellant that a statute's language is the starting point for a court's inquiry into its meaning, and that "'[w]hen words are free from doubt they must be taken as the final expression of the legislative intent, and are not to be added to or subtracted from by considerations drawn ... from any extraneous source.'" *Board of Education v. Harris*, 622 F.2d 599, 609 (2nd Cir. 1979), *cert. denied*, 449 U.S. 1124, 101 S.Ct. 940, 67 L.Ed.2d 110 (1981), *quoting Caminetti v. United States*, 242 U.S. 470, 490, 37 S.Ct. 192, 196, 61 L.Ed. 442 (1917). However, we also recognize that a literal reading of the statute would strip regulations § 395.3(a) and (b) of their mandatory character, and would reduce them to precatory provisions, because no statute other than § 11914(b) even arguably defines the punishment for their violation.

Because the bare language leads to such an anomalous result, our task of statutory construction becomes less simple than appellant suggests. Where Congress's purpose is frustrated by a rigid application of statutory language, common sense and evident statutory purpose must inform a court's construction of the statute. *In re Adamo*, 619 F.2d 216, 222 (2nd Cir.), *cert. denied*, 449 U.S. 843, 101 S.Ct. 125, 66 L.Ed.2d 52 (1980).

In the pre-1978 statutory framework, Congress made regulations promulgated under Chapter 8, including § 395.3(a) and (b), enforceable through fines imposed under § 322(a) of Title 49. When Congress repealed § 322(a) and simultaneously enacted § 11914(b) as its replacement, it expressly stated that the recodified provisions "may not be construed as making a substantive change in the laws replaced." Pub.L.No. 95–473, § 3(a), 92 Stat. 1466 (1978), 49 U.S.C. at 1404 (Supp. III 1979). Plainly, Congress did not intend its recodification to reduce the reach of § 322(a)'s penalty, but intended merely to transplant that section, renumbered, into the recodified portion of

the Act.[6] Congressional drafters unfortunately overlooked the limitations of the phrasing chosen for § 11914(b), but, when construed in light of the intent of Congress and in light of common sense, that section clearly applies to the regulations here in question.

We therefore hold that appellant was properly sentenced under 49 U.S.C. § 11914(b) for violating 49 C.F.R. § 395.3(a) and (b), and affirm the judgment of the district court.

---

**6.** Congress, in conjunction with the Interstate Commerce Commission, is modernizing the Interstate Commerce Act, and codifying all supplementary acts. Subtitle IV, 49 U.S.C. § 10101, *et seq.*, is only the first phase of the recodification project. *See* Railroad Revitalization and Regulatory Reform Act of 1976, Pub.L. No.94–210, § 312, 90 Stat. 60 (1976).