UNITED STATES of America,
Plaintiff-Appellant,

v.

FAYGO BEVERAGES, INC.,
Defendant-Appellee.

No. 82–1732.

United States Court of Appeals,
Sixth Circuit.

Argued April 5, 1984.

Decided May 4, 1984.

---

Leonard R. Gilman, U.S. Atty., Sheldon N. Light, Asst. U.S. Atty., argued, Detroit, Mich., for plaintiff-appellant.

Derek Meier, Dykema, Gossett, Spencer, Goodnow & Trigg, Charles C. DeWitt, Jr., Lee Pizzimenti, argued, Detroit, Mich., for defendant-appellee.

Before KENNEDY and CONTIE, Circuit Judges, and PECK, Senior Circuit Judge.

CONTIE, Circuit Judge.

The United States appeals from a district court order granting the motion of Faygo Beverages, Inc., the defendant, to withdraw its plea of *nolo contendere* and to dismiss the information. The issue is whether or not Faygo, a private motor carrier subject to regulations of the Department of Transportation (DOT), may be assessed a criminal fine under the 1978 version of 49 U.S.C. § 11914(b). We affirm the judgment of the district court.

**I.**

Faygo was charged in an information dated July 23, 1980 with knowingly and willfully failing to require its drivers to make and keep daily logs as is required by 49 C.F.R. § 395.8(a). On September 25, 1980, Faygo entered a plea of *nolo contendere* and was fined $10,000. The validity of this plea and sentence remained unquestioned until the Fifth Circuit's decision in *United States v. RSR Corp.*, 664 F.2d 1249 (5th Cir.), *cert. denied*, 459 U.S. 1016, 103 S.Ct. 377, 74 L.Ed.2d 510 (1982). The Fifth Circuit held that in enacting the 1978 revisions to the Interstate Commerce Act, Congress unintentionally eliminated the penalties for violations of DOT safety regulations committed by private motor carriers. The importance of the *RSR Corp.* decision is apparent because § 11914(b) was one of the 1978 revisions. The prior penalty provision had been codified at 49 U.S.C. § 322 (*repealed*).

Approximately one month after the *RSR Corp.* case was decided, the Second Circuit held that fines against private motor carriers could indeed be imposed under § 11914(b). *United States v. Rossetti Bros., Inc.*, 671 F.2d 718 (2d Cir.1982). The district court in the present case followed the *RSR Corp.* decision, rejected the *Rossetti Bros.* case, and permitted Faygo to withdraw its plea of *nolo contendere.*

## II.

Prior to 1966, the Interstate Commerce Commission (ICC) was empowered to regulate various aspects of the transportation of property by private motor carriers. Criminal penalties for failure to comply with some of these regulations were provided in 49 U.S.C. § 322(a) (*repealed* ), the direct predecessor of 49 U.S.C. § 11914(b). Section 322(a) provided:

*Any person* knowingly and willfully violating any provision of this chapter, or any rule, regulation, requirement, or order thereunder, . . . for which a penalty is not otherwise herein provided, shall, upon conviction thereof, be fined not less than $100 nor more than $500 for the first offense and not less than $200 nor more than $500 for any subsequent offense. Each day of such violation shall constitute a separate offense. [Emphasis supplied.]

The parties agree that were this provision still operative, the $10,000 fine would be valid.

In 1966, Congress by statute created the Department of Transportation. This statute transferred to the DOT, among other things, the ICC's power to promulgate private motor carrier safety regulations and to enforce those regulations through criminal prosecution. Beginning in 1966, therefore, private motor carriers fell under the jurisdiction of the DOT rather than the ICC.

In 1978, Congress recodified scattered provisions of federal transportation law in Pub.L. No. 95–473. *See* 49 U.S.C. §§ 10101–11916. Although Congress intended this recodification merely to simplify, replace or eliminate obsolete language, *see RSR Corp.*, 664 F.2d at 1251, and although Congress stated in § 3(a) of the Act that the newly enacted sections restated prior law without substantive change and were not to be construed as making sub-stantive changes in replaced provisions, Congress nevertheless made such a change when it substituted § 11914(b) for § 322(a). The new statute read:

When another criminal penalty is not provided under this chapter, a person that knowingly and willfully violates a provision of this subtitle or a regulation or order prescribed under this subtitle . . . *related to transportation that is subject to the jurisdiction of the [Interstate Commerce] Commission under subchapter II of chapter 105 of this title,* shall be fined at least $100 but not more than $500 for the first violation and at least $200 but not more than $500 for a subsequent violation. A separate violation occurs each day the violation continues. [Emphasis supplied.]

Whereas § 322(a) had applied to "any person" knowingly and willfully violating DOT safety regulations where a penalty had not otherwise been provided, § 11914(b) by its plain language was to apply only to persons subject to the jurisdiction of the ICC.

Faygo contends that because it has not been subject to ICC jurisdiction since the DOT was created in 1966, § 11914(b) did not apply when the alleged violations of 49 C.F.R. § 395.8(a) took place. Accordingly, the plea entered and the fine imposed in this case are invalid. The government responds that in view of both § 3(a) of the Act and the legislative history, Congress clearly intended in 1978 that private motor carriers such as Faygo be subject to criminal penalties under § 11914(b) for violating DOT safety regulations. To construe § 11914(b) otherwise would render the safety regulations mere precatory statements. The government concedes, however, that private motor carriers like Faygo were not contemplated by the plain language of § 11914(b) when the alleged violations at issue took place.[1]

In the *RSR Corp.* case, the Fifth Circuit held that the plain language of the penalty

---

**1.** In 1983, Congress amended § 11914(b) to close the loophole of which Faygo seeks to take advantage. Thus, private motor carriers who violate DOT safety regulations after the effective date of the amendment are subject to criminal penalties. The amended version of § 11914(b) may not, of course, be applied in the present case because of the *ex post facto* clause of the federal constitution.

provision there at issue, 49 U.S.C. § 11909(b),[2] must prevail over what Congress may have intended to say. 664 F.2d at 1253. We agree with this approach and hold that it would be unreasonable to require persons confronted with the plain language of a criminal statute to go beyond that statute in order to determine whether Congress really meant what it clearly said.

We are unconvinced by the Second Circuit's analysis in *Rossetti Bros.* Although recognizing the principle that where statutory language is unambiguous the courts should not resort to extrinsic evidence of meaning, the Second Circuit nevertheless went beyond the plain language of the 1978 version of § 11914(b) to hold that criminal fines could be imposed against private motor carriers. The court did so, however, in reliance upon the civil bankruptcy case of *In re Adamo,* 619 F.2d 216 (2d Cir.), *cert. denied sub nom. Williams v. New York State Higher Education Services Corp.,* 449 U.S. 843, 101 S.Ct. 125, 66 L.Ed.2d 52 (1980). We do not agree that principles of statutory construction in civil cases are so readily transferable to cases in which criminal convictions and sentences are involved.

Nor are we persuaded by the government's assertion that the *Rossetti Bros.* opinion considered the effect of § 3(a) of the Act whereas the *RSR Corp.* decision did not. In fact, the Fifth Circuit was well aware of § 3(a), *see* 664 F.2d at 1251–52 n. 3, but declined to hold that § 3(a), in combination with the legislative history, could override the plain language of the statute.

Finally, we hold in the alternative that even if § 3(a) somehow renders § 11914(b) ambiguous, the rule of lenity mandates judgment for the defendant. The Supreme Court has stated:

> When choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite.

**2.** Although the *RSR Corp.* case dealt with the substitution of 49 U.S.C. § 11909(b) for 49 U.S.C. § 322(g), the underlying issue of statuto-

*United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971) (quoting *United States v. Universal C.I.T. Credit Corporation,* 344 U.S. 218, 221–22, 73 S.Ct. 227, 229, 97 L.Ed. 260 (1952)). Since Congress did not clearly and definitely state in the 1978 version of § 11914(b) that private motor carriers like Faygo were subject to criminal penalties, the $10,000 fine originally imposed in this case was invalid.

The judgment of the district court is AFFIRMED.

ry construction was the same as that presented by this case. The parties agree that the *RSR Corp.* decision is on point.